STATE OF LOUISIANA IN      *      NO. 2025-C-0469
THE INTEREST OF S.F.

         *

                **COURT OF APPEAL**

         *

                **FOURTH CIRCUIT**

         *

                **STATE OF LOUISIANA**

        * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
JUVENILE COURT ORLEANS PARISH
NO. 2022-341-07-DQ-A, SECTION "A"
Honorable Clinton Smith
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Karen K. Herman, Judge Nakisha Ervin-Knott, Judge
Monique G. Morial)

Jason R. Williams, District Attorney
Brad Scott, Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/RELATOR


                      **WRIT GRANTED; REVERSED
AND REMANDED WITH INSTRUCTIONS**

                                   **JULY 31, 2025**

The State of Louisiana ("State") filed a writ application with this Court seeking review of the juvenile court's July 14, 2025 Judgment denying the State's request that a warrant be issued for the juvenile, S.F. For the reasons that follow, we grant the writ application, reverse the judgment, and remand with instructions.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

The relevant facts and procedural background in this matter were previously set forth by this Court in *State in Int. of S.F.*, 2024-0383, pp. 1-4 (La. App. 4 Cir. 10/7/24), 400 So.3d 1185, 1186-89 (footnotes omitted), as follows:

> The State filed a delinquency petition on April 25, 2023, which charged S.F. with sexual battery in violation of La. R.S. 14:43.1. The facts of the underlying offense are not pertinent to the issues presented on appeal. Instead, the relevant facts and procedural history beginning with S.F. being taken into custody are established in the following timeline:
>
> **December 4, 2022**: S.F. was taken into custody for a sexual battery that allegedly occurred between October 1, 2022, and December 4, 2022.
>
> **December 7, 2022**: S.F. appeared with his grandmother and his aunt at a continued custody hearing, at which he stipulated to probable cause. The juvenile court signed a Juvenile Release Order, which released S.F. into the custody of his grandmother and provided S.F.'s grandmother with temporary custody until the next hearing.

1

**December 8, 2022**: The juvenile court signed a "CONTINUED CUSTODY/RELEASE JUDGMENT" ("Release Judgment"), which listed S.F.'s grandmother's address as a property on Belfast Street in New Orleans. ***The Release Judgment contained both general and special conditions. In pertinent part, one of the general conditions stated that "[t]he juvenile must abide and inform the court concerning all important changes in their personal status, including address and phone number changes. Failure to do so[ ] may result in being held in contempt of court."*** The Release Judgment also ordered S.F. to stay away from the alleged victim and the house where the alleged incident occurred.

**April 25, 2023**: The State filed a delinquency petition, which charged S.F. with one count of sexual battery. The delinquency petition listed a property on Rocheblave Street as the address for S.F.'s mother and grandmother, and the petition listed that same Rocheblave Street address as the location of the alleged sexual battery. Additionally, the petition listed S.F.'s grandmother as his guardian.

**April 26, 2023; April 28, 2023; and May 1, 2023**: Service was attempted on S.F. through his mother at the Rocheblave Street address in anticipation of a May 2, 2023 answer hearing, but all three of these service attempts failed.

**May 2, 2023**: Neither S.F., his mother, nor his grandmother appeared at the answer hearing. The juvenile court reset the answer hearing for June 2, 2023.

**June 2, 2023**: Again, S.F., his mother, and his grandmother did not appear for the answer hearing. According to the State in its brief to this Court, the Clerk of Court for the juvenile court failed to issue subpoenas for this answer hearing, such that no service attempts were made on S.F., his mother, and his grandmother. The juvenile court reset the answer hearing to December 11, 2023.

**December 11, 2023**: As with the prior answer hearings, S.F., his mother, and his grandmother were not present. The State contends in its brief to this Court that the Clerk of Court for the juvenile court did not issue a subpoena for this answer hearing, so no service attempts were made on S.F., his mother, and his grandmother. The juvenile court reset the answer hearing to January 11, 2024.

**December 14, 2023; December 15, 2023; and January 11, 2024**: Service was attempted on S.F. for the January 11, 2024 answer hearing but failed.

**January 11, 2024**: S.F., his mother, and his grandmother failed to appear at the answer hearing. The juvenile court reset the answer hearing to February 7, 2024.

**January 24, 2024; January 30, 2024; and January 31, 2024**: Service was attempted on S.F.'s mother at an address on Longfellow Drive in New Orleans for the February 7, 2024 hearing but failed.

**February 7, 2024: S.F.**, his mother, and his grandmother did not appear at the answer hearing. S.F.'s counsel informed the juvenile court that she "attempted to call and text the youth/parent but was unable to make contact." The juvenile court instructed the State to obtain a good address for S.F. and to attempt service again. The juvenile court reset the answer hearing for March 18, 2024.

**February 28, 2024; February 29, 2024; and March 1, 2024**: Ahead of the March 18, 2024 hearing, service attempts were made on these dates at the Longfellow Drive address without success.

**March 18, 2024: S.F.**, his mother, and his grandmother did not appear at the answer hearing. The juvenile court noted that if the State could not provide a good address for S.F. for service by the next answer hearing, it might entertain a motion to dismiss from counsel for S.F. The trial court reset the answer hearing for April 4, 2024.

**April 4, 2024**: S.F., his mother, and his grandmother did not appear for the answer hearing. According to the State in its brief to this Court, the Clerk of Court failed to issue subpoenas for this answer hearing, such that no service attempts were made on S.F., his mother, and his grandmother. The juvenile court reset the answer hearing to April 25, 2024.

**April 8, 2024; April 11, 2024; April 12, 2024**: Ahead of the April 25, 2024 hearing date, service was again attempted on S.F. and his mother at the Longfellow Drive address on these dates but without success.

**April 25, 2024**: S.F., his mother, and his grandmother did not appear at the answer hearing; and the State informed the juvenile court that it would attempt to locate the school that S.F. was attending and make service. Counsel for S.F. filed a "Motion to Dismiss Petition For Failure To Timely Institute Proceedings" ("Motion to Dismiss"). The juvenile court reset the answer hearing for May 6, 2024.

**April 29, 2024**: The State filed a subpoena duces tecum directing the school that S.F. supposedly attended to provide the State with S.F.'s address. The juvenile court signed the order the following day and set the return date as May 6, 2024.

**May 8, 2024**: The State attempted and failed to make service on S.F. and his mother on the morning of the reset answer hearing at an address on Chef Menteur Highway in New Orleans. S.F., his mother, and his grandmother did not appear. The State requested that the

juvenile court grant a final continuance in order for the State to obtain a return of the subpoena duces tecum on S.F.'s school and to attempt to make service one last time. The juvenile court granted the State's request for a continuance and set the Motion to Dismiss hearing for May 29, 2024.

**May 24, 2024, and May 28, 2024**: Lionel Haynes ("Investigator Haynes"), an investigator with the Orleans Parish District Attorney's Office, attempted and failed to make service on S.F. at the Chef Menteur Highway address.  (emphasis added).

On May 29, 2024, the Juvenile Court rendered a judgment dismissing the delinquency petition.

On appeal, we reversed and remanded, finding that "proper procedural steps need to be taken to determine why S.F. has not appeared to answer the petition, why he may have been removed from the jurisdiction, and why he has not reported his apparent change(s) of address." *State in Int. of S.F.*, 2024-0383, at p. 13, 400 So.3d at 1193 (citing *State in Int. of G.S*, 2019-0605, p. 14 (La. App. 4 Cir. 12/4/19), 287 So.3d 752, 762).  We further recognized that "the State, counsel for S.F., and the juvenile court all have a duty to establish S.F.'s whereabouts for his benefit to ensure his safety and well-being." *Id*.

Following remand, an Answer Hearing was held on July 14, 2025, wherein the State represented that neither the State nor defense counsel were able to locate S.F.  The State requested that a warrant be issued.  Defense counsel objected on the basis that an open warrant for simple burglary was issued on January 7, 2024.  Defense counsel also argued that the release order that was filed on December 7, 2022 and signed by Judge Darensburg did not include any requirement that S.F. update his address with the court.

In denying the State's request for a warrant, the court stated:

Apparently, we don't have language in the judgment providing a continued duty to update the court on address changes, therefore, I cannot issue a warrant on their failure to abide by that rule. Since we have an open item warrant pending, the Court is going to allow that open item warrant to remain and we will continue to make efforts to try to locate [S.F.].

In the proceedings before us in this writ application, the State argues that the juvenile court failed to take the proper procedural steps to ensure the appearance and safety of S.F. We agree.

We recognize that in juvenile delinquency proceedings, "a juvenile court is vested with broad discretion to arrive at solutions balancing the needs of the child with interests of society." *State in Int. of G.S.*, 2019-0605, at p. 13, 287 So.3d at 762. However, after considering the record in the present case, we find that the juvenile court erred in failing to issue a warrant for S.F.'s arrest.

Contrary to defense counsel's assertion at trial and the oral reasons given by the trial court, the record reflects that the Continued Custody/Release Judgment signed by Ad Hoc Judge Keith Doley on December 8, 2022, specifically instructed that "[t]he juvenile must abide and inform the court concerning all important changes in their personal status, including address and phone number changes. Failure to do so[ ] may result in being held in contempt of court." The Judgment further provided that:

THE COURT NOTES FOR THE RECORD THAT IF THE JUVENILE VIOLATES ANY OF THE COURT'S ORDERS OR CONDITIONS; THE JUVENILE WILL BE IMMEDIATELY ARRESTED AND REMANDED TO JJIC UNTIL FURTHER PROCEEDINGS.

As the State asserts and as the record demonstrates, all efforts to locate S.F. have been exhausted. The State further submits that they have been unable to confirm whether an open warrant for simple burglary exists or whether such a

5

warrant has been placed into the National Crime Information Center ("NCIC") database. Nevertheless, even if there is an open warrant for simple burglary, we find that the issuance of a separate warrant in these proceedings is the proper course of action considering S.F's ongoing failure to keep the court updated as to his whereabouts.

Based on the record before us, we conclude that the issuance of a warrant is necessary to locate S.F., to ensure his safety, and to bring about a proper resolution of the delinquency proceedings. Accordingly, we find that the juvenile court abused its discretion in denying the State's request for a warrant.

We note that the defense counsel failed to comply with this Court's Order to file an opposition. Additionally, the juvenile court did not issue a *per curiam* as requested by the Court.

## DECREE

For the foregoing reasons, we grant the State's writ application, reverse the July 14, 2025 judgment, and remand with instructions that the juvenile court issue a warrant for S.F.

**WRIT GRANTED; REVERSED AND REMANDED WITH INSTRUCTIONS**